UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>Brian A. Tanguy<br><br>     Debtor | Chapter 7<br><br>Case No. 25-10096 |
| Richard Eames and<br>Kristen Lima,<br><br>     Plaintiffs<br><br>v.<br><br>Brian A. Tanguy<br><br>     Defendant | Adversary Proceeding:<br><br>25-01065 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS**

INTRODUCTION

This case arises out of a contractual relationship that existed between the Plaintiffs and All Pro Builders Inc., ("All Pro") the corporation that was owned and controlled by the Defendant Debtor. All Pro was to perform home renovations on a home owned by the Plaintiffs. During the course of the renovations, All Pro suffered severe financial pressure including several lawsuits that ultimately led to the dissolution of the business. As several of the suits, which defendant was financially unable to defend, named the Defendant individually, he filed for individual Bankruptcy protection. The Plaintiffs have filed this adversary proceeding to have their claim classified as nondischargeable in

Bankruptcy under 11 U.S.C. §§523 (a)(2) and 523 (a)(6). While the Plaintiffs have stated a claim for relief under two different paragraphs of §523, both claims are relying on alleged intentionally false statements by the Defendant. The Plaintiff must prove the elements under §523 (a)(2) in order to prevail.

RELEVANT LAW

For a claim under §523 (a)(2) the creditor must show that 1) the debtor made a knowingly false representation or one made in reckless disregard of the truth, 2) the debtor intended to deceive, 3) the debtor intended to induce the creditor to rely upon the false statement, 4) the creditor actually relied upon the misrepresentation, 5) the creditor's reliance was justifiable, and 6) the reliance upon the false statement caused damage. *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997).

Rule 9 requires that in a pleading alleging fraud or mistake a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P, Rule 9(b). The First Circuit has ruled that Rule 9 requires specification of the time, place, and content of an alleged false representation in order to survive a Motion to Dismiss. *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir. 1980).

ARGUMENT

The Complaint in this matter clearly lacks the specificity requirement of Rule 9. All counts are alleging fraud of some sort and therefore must state time, place, and content of the alleged fraud. *McGinty*. In addition the Plaintiff has to allege all elements of the

claimed exemption to discharge. Many of the allegations are general, conclusory or a general statement of the elements of the claims and are insufficient as a matter of law. An example of this are the allegations in paragraph 52 and 53 "Defendant's representations to Plaintiffs were made knowingly, or with reckless disregard for the truth." and "Defendant's representations were made intentionally, with the expectation that Plaintiffs would rely upon the same and continue to make payments to Defendant." "[M]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated." *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir.1985).

The allegations that were made with some specificity fall far short of stating a claim under which the Plaintiff would be entitled to relief. The specific statements seem to fall into two categories; the promise to finish construction timely and the failure to pay subcontractors. While the Plaintiffs claim in paragraph twelve of the Complaint that in the signed contract, of which no copy is attached, the parties agreed to a timeline of eight to ten months, they cite no basis on why or how this statement was intentionally misleading or justifiably relied upon. Paragraph 24 of the Complaint alleges a September 17, 2022 meeting where completion dates were again discussed. This allegation states that Plaintiff stated that he thought he could complete the project by October 31 but would be more comfortable with an extra month to assure completion. This does not create an inference of a false or misleading statement, on the contrary it shows that Defendant at the time he made the statement was intending to complete work in a timely (and workmanlike) manner. An estimate of the time of completion is just that, an

approximation that seems reasonable at the time. Just because it later turns out to be false does not lead to the conclusion that it was intentionally false at the time the statement was made. It is clear from the Complaint that extensive work was done on the project and that All Pro made an honest attempt to finish.

The alleged statements regarding payments to subcontractors are extremely vague. As the contract was not attached, I assume that there was no specific language regarding the payment of subcontractors. Paragraph 18 of the Complaint refers to a payment schedule regarding certain tasks and somehow the Plaintiffs make the leap that this constitutes a representation of payment to subcontractors. These allegations are clearly too vague to satisfy the specificity requirement of Rule 9. Even if the Plaintiffs are somehow able to overcome the lack of specificity, they have failed to demonstrate how reliance on a subcontractor being paid is justifiable. If the job was completed to their satisfaction, it seems unlikely that the Plaintiffs would be concerned about whether subcontractors were paid or not.

## CONCLUSION

The Complaint is clearly deficient as it does not properly allege the elements to the claims in Count One under 11 U.S.C. §523 (a)(2) or Count Two under 11 U.S.C. §523 (a)(6) and should therefore be dismissed.

Dated: May 23, 2025

/s/ Scott J. Fishman
Scott J. Fishman
BBO # 630711
Jennings, Jennings & Fishman
775 Pleasant St. #7
Weymouth, MA 02189
(781) 337-4221
scottfishman@jenningsfishman.com

## CERTIFICATE OF SERVICE

I, Scott J. Fishman, hereby certify that on May 23, 2025 the above was served to the following by electronic transmission:

Jeffrey Greene on behalf of Plaintiffs Richard Eames and Kristen Lima
greenej@gtlaw.com

/s/ Scott J. Fishman
Scott J. Fishman