UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re | ) ) ) ) | Chapter 7 |
| Brian A. Tanguy | ) ) | Case No. 25-10096 |
| Debtor | ) ) ) |  |
| Richard Eames and Kristen Lima, | ) ) ) ) ) |  |
| Plaintiffs | ) ) | Adversary Proceeding: |
| v. | ) ) | 25-01065 |
| Brian A. Tanguy | ) ) ) |  |
| Defendant | ) ) ) |  |

**DEFENDANT BRIAN A. TANGUY'S EMERGENCY MOTION TO STAY ADVERSARY PROCEEDING PENDING RESOLUTION OF PARALLEL CRIMINAL PROCEEDING**

**I. INTRODUCTION**

Defendant Brian A. Tanguy ("Defendant"), by and through undersigned counsel, respectfully moves this Court pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 7026, and Federal Rule of Civil Procedure 26(c) for an emergency order staying all proceedings in this adversary proceeding—including, most urgently, the deposition of Defendant currently scheduled for Monday at 1 PM —pending the resolution of a parallel criminal proceeding in the Norfolk Superior Court in which Defendant stands indicted on six criminal counts arising from the same course of conduct alleged in Plaintiffs' Complaint.

- 1 -

On April 17, 2026, a Norfolk County Grand Jury returned a True Bill against Defendant, Commonwealth v. Brian Tanguy, No. 2682CR00074 (Norfolk Super. Ct.) (the "Criminal Proceeding"), charging, among other counts: two counts of Larceny over $1,200 (M.G.L. c.266, §30) arising directly from theft of money from **Richard Eames**—the same Plaintiff in this adversary proceeding—on or about August 10, 2022 and February 14, 2023; one count of criminal Home Improvement Contractor violation (M.G.L. c.142A, §§17 & 19) for abandonment of a contract at Quincy on or about March 8, 2023; and one count of criminal Home Improvement Contractor violation for making a material misrepresentation in the procurement of a contract on or about February 22, 2023. The indictment was filed the same week this adversary proceeding was commenced.

The overlap between the criminal and civil proceedings could not be more complete. The civil Complaint and the criminal indictment concern the same defendant, the same victim (Richard Eames), the same property (168 Plymouth Avenue, Quincy, Massachusetts), the same payments, the same alleged theft and misrepresentation, and the same operative time period. Defendant cannot testify in this civil matter without invoking his Fifth Amendment privilege against self-incrimination, which he intends to assert at the deposition currently scheduled for Monday. The balance of equities—under settled governing law—compels a stay.

## II. BACKGROUND

### A.    The Adversary Proceeding

On April 28, 2025, Plaintiffs Richard Eames and Kristin Lima commenced this adversary proceeding, seeking a determination that their alleged debt against Defendant is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). The Complaint alleges that Defendant, as

sole owner and operator of All-Pro Builders, Inc. ("All-Pro"), committed fraud and made intentional misrepresentations in connection with a home renovation project at 168 Plymouth Avenue, Quincy, Massachusetts. Specifically, the Complaint alleges that Defendant fraudulently induced Plaintiffs to execute a construction contract, misappropriated contract payments, abandoned the project, failed to pay subcontractors, and concealed that All-Pro had been involuntarily dissolved by the Secretary of the Commonwealth. Plaintiffs seek a non-dischargeability judgment of $139,667.76.

## B.    The Criminal Indictment

On April 17, 2026, a Norfolk County Grand Jury returned a multi-count True Bill against Defendant in the Norfolk Superior Court (No. 2682CR00074). The counts pertinent to this adversary proceeding are as follows:

**Count 1** (No. 2682CR00074-001): Larceny over $1,200, M.G.L. c.266, §30 — theft of money from **Richard Eames**, on or about August 10, 2022, at Quincy.

**Count 2** (No. 2682CR00074-002): Larceny over $1,200, M.G.L. c.266, §30 — theft of money from **Richard Eames**, on or about February 14, 2023, at Quincy.

**Count 5** (No. 2682CR00074-005): Home Improvement Contractor Violation, M.G.L. c.142A, §§17 & 19 — knowingly and willfully operating as a contractor and abandoning or failing to perform without justification any contract or project, on or about March 8, 2023, at Quincy. (the "Abandonment Count")

**Count 6** (No. 2682CR00074-006): Home Improvement Contractor Violation, M.G.L. c.142A, §§17 & 19 — knowingly and willfully operating as a contractor and making a material misrepresentation in the procurement of a contract, or making a false promise

likely to influence, persuade or induce the procurement of a contract, on or about February 22, 2023, at Weymouth. (the "Misrepresentation Count")

A true copy of the Indictment is attached hereto as **Exhibit A**. All six indictments were returned on April 17, 2026 and filed in the Norfolk Superior Court. Defendant has entered a plea of Not Guilty. Defendant's criminal defense counsel has advised that Defendant must invoke his Fifth Amendment privilege against self-incrimination in response to any questioning in this civil adversary proceeding relating to the subject matter of the Criminal Proceeding. Defendant will assert that privilege at the deposition currently scheduled for Monday.

**C.      The Extraordinary Overlap Between the Two Proceedings**

The overlap between the Criminal Proceeding and this adversary proceeding is not merely substantial — it is nearly total. Counts 1 and 2 of the Indictment charge Defendant with stealing money from **Richard Eames**, the lead Plaintiff herein, through conduct at Quincy during August 2022 and February 2023. These are precisely the same transactions and payments that form the backbone of Plaintiffs' § 523(a)(2)(A) fraud claim and § 523(a)(6) willful and malicious injury claim. Count 5 (the Abandonment Count) charges criminal abandonment of a contract at Quincy on March 8, 2023—the same project abandonment that the Complaint alleges at paragraph 30. Count 6 (the Misrepresentation Count) charges criminal material misrepresentation in the procurement of a contract—the same fraudulent inducement theory at the heart of § 523(a)(2)(A). Both the criminal and civil proceedings arise from the same home improvement scheme at 168 Plymouth Avenue, Quincy, Massachusetts, operated through All-Pro Builders, Inc.

### III. ARGUMENT

**A.      This Court Has Broad Discretionary Authority to Stay These Proceedings**

This Court possesses broad equitable authority under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. That authority includes the inherent power of every federal court to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Federal Rule of Civil Procedure 26(c), applicable through FRBP 7026, separately empowers this Court to issue protective orders to prevent undue burden or prejudice in discovery. Both authorities are directly implicated here.

The decision whether to grant such a stay "should be made in light of the particular circumstances and competing interests involved in the case." *Arthurs v. Stern*, 560 F.2d 477, 480 (1st Cir. 1977).

**B.      The Governing First Circuit Standard Compels a Stay on These Facts**

The First Circuit addressed the precise tension at issue here in *Arthurs v. Stern*, 560 F.2d 477 (1st Cir. 1977). In *Arthurs*, a physician under criminal indictment sought to enjoin a parallel state medical disciplinary proceeding on the ground that being forced to testify—or to invoke the Fifth Amendment and suffer adverse consequences—placed him in an unconstitutional dilemma. The First Circuit, applying a balancing of interests, declined to require a stay on those particular facts, finding that the strong public interest in promptly disciplining errant physicians outweighed the defendant's Fifth Amendment concerns. *Id.* at 480–81.

But *Arthurs* is not a decision that finds that stays are unavailable—it is a decision that they are discretionary and fact-specific. The First Circuit in *Arthurs* explicitly confirmed "the power of

federal courts, after a balancing of interests in the particular case before them, to stay civil suits because of pending criminal charges," and cited *Kordel*'s acknowledgment that a stay or protective order may be "the appropriate remedy" when a defendant cannot respond to civil discovery without incriminating himself. *Id.* (quoting *Kordel*, 397 U.S. at 9). The denial of a stay in *Arthurs* rested entirely on the specific countervailing public interest in that case—one that is wholly absent here. This adversary proceeding is a private dispute between a civil creditor and a debtor, not a government-initiated disciplinary process protecting public safety. The balance of interests that tipped against a stay in *Arthurs* tips decisively in Defendant's favor here.

## C.    The Balancing of Interests Requires a Stay

Applying the balancing framework confirmed by *Arthurs*, the competing interests here weigh overwhelmingly in favor of a stay.

First, the overlap between the Criminal Proceeding and this adversary proceeding is total, not partial. Counts 1 and 2 of the Indictment charge Defendant with larceny of money from **Richard Eames**—the lead Plaintiff in this adversary proceeding—arising from the identical transactions at the heart of the § 523(a)(2)(A) fraud claim and § 523(a)(6) willful and malicious injury claim. Count 5 charges criminal abandonment of the same contract at the same location that the Complaint alleges Defendant abandoned at paragraph 30. Count 6 charges criminal material misrepresentation in procuring the same construction contract—the identical theory of fraudulent inducement that underlies Plaintiffs' § 523(a)(2)(A) claim. The criminal elements of larceny and knowing misrepresentation under M.G.L. c.266, §30 and M.G.L. c.142A, §§17 & 19 are the same intentional-conduct elements Plaintiffs must prove here. There is no meaningful line between the two proceedings.

Second, Defendant's Fifth Amendment interests are not abstract or precautionary—they are immediate and concrete. Defendant has been formally indicted. His criminal defense counsel has advised him to invoke the privilege in this proceeding. His deposition is scheduled for Monday. If this Court does not act, Defendant will face the precise unconstitutional dilemma the First Circuit recognized in *Arthurs*: testify at the civil deposition and risk providing ammunition for the Criminal Proceeding, or assert the Fifth Amendment and face adverse inference at the dischargeability trial. Unlike the physician in *Arthurs*, who could have chosen to testify in the disciplinary proceeding and contest the charges, Defendant here faces criminal indictment on the specific larceny and misrepresentation charges that are the subject of this civil case. Every material deposition topic directly implicates Counts 1, 2, 5, and 6.

Third, there is no countervailing public interest of the kind that weighed against the stay in *Arthurs*. The public interest in promptly disciplining a physician to protect patients is self-evidently weighty and time-sensitive. No comparable urgency attaches to the private dischargeability determination here. The question of whether Defendant's debt to Plaintiffs is dischargeable in bankruptcy is important to the parties, but it does not implicate ongoing public harm or the safety of third parties. The interest on the other side of the scale is simply the Plaintiffs' interest in expeditious resolution of their civil claim—a legitimate but far less weighty interest than the public safety rationale that governed *Arthurs*.

Fourth, the prejudice to Plaintiffs from a limited stay is substantially mitigated by the fact that if Defendant is convicted of larceny from Richard Eames in the Criminal Proceeding, that conviction will have preclusive collateral estoppel effect on the intent elements of the § 523 claims, potentially eliminating the need for a trial in this Court entirely—a significant benefit to Plaintiffs and this Court alike.

Fifth, judicial economy strongly favors a stay. Permitting parallel adjudication of identical facts—in this Court and in Norfolk Superior Court simultaneously—risks inconsistent rulings and duplicates effort. If this Court proceeds to try the dischargeability issues while the Criminal Proceeding is pending, it will do so on a necessarily incomplete record, with Defendant's testimony withheld. The criminal proceeding applies a higher standard of proof to the same facts. A conviction would likely moot or substantially simplify the proceedings before this Court; an acquittal would be highly probative on the intent questions central to §§ 523(a)(2)(A) and 523(a)(6). Either way, awaiting resolution of the Criminal Proceeding is the more efficient path.

## IV. REQUEST FOR EMERGENCY CONSIDERATION

Defendant respectfully requests that this Court treat this Motion as an emergency requiring immediate attention. Defendant's deposition is currently scheduled for Monday, May 11, 2026. If this Court does not act before that date, Defendant will be compelled to appear and invoke his Fifth Amendment privilege at deposition—with all the attendant adverse-inference risks at trial in this proceeding, and real risk of harm to his criminal defense. Defendant requests that this Court: (i) enter a temporary order, on an emergency basis, staying the Monday deposition pending ruling on this Motion; and (ii) schedule an expedited hearing on this Motion at the Court's earliest convenience.

## V. CONCLUSION

For all of the foregoing reasons, Defendant Brian A. Tanguy respectfully requests that this Court enter an Order: (i) immediately staying the deposition of Defendant currently scheduled for Monday, May 11, 2026, on an emergency basis; (ii) staying all further proceedings in this

adversary proceeding pending the resolution of *Commonwealth v. Brian Tanguy*, No. 2682CR00074 (Norfolk Super. Ct.); (iii) scheduling an expedited hearing on this Motion; and (iv) granting such other and further relief as this Court deems just and proper.

Dated: May 7, 2026                    Attorney for the Defendant,


                                      /s/ Scott J. Fishman
                                      Scott J. Fishman
                                      BBO # 630711
                                      Jennings, Jennings & Fishman
                                      775 Pleasant St. #7
                                      Weymouth, MA 02189
                                      (781) 337-4221
                                      **scottfishman@jenningsfishman.com**


### CERTIFICATE OF SERVICE

I, Scott J. Fishman, hereby certify that on May 7, 2026 the above was served to the following by electronic transmission:

Jeffrey Greene on behalf of Plaintiffs Richard Eames and Kristen Lima
greenej@gtlaw.com

                                      /s/ Scott J. Fishman
                                      Scott J. Fishman